IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

U.S. ...
...
2014 FEB -3 P 2: ...
CLERK C. Robinson
SO. DIST. OF GA

RAYNARDO LANIER,                    :
                                   :
           Petitioner,             :
                                   :
     v.                            :          CIVIL ACTION NO.: CV613-099
                                   :
                                   :
ANTOINE CALDSWELL, Warden,         :
                                   :
           Respondent.             :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Raynardo Lanier ("Lanier"), who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Candler County, Georgia, Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Lanier filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Lanier's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Lanier was convicted, after a jury trial, in the Candler County Superior Court of malice murder, felony murder, armed robbery, and aggravated assault. Lanier was sentenced to two (2) terms of life imprisonment on February 6, 2008. The Georgia

Supreme Court affirmed Lanier's convictions and sentences by order dated November 1, 2010.

Lanier filed a petition for writ of habeas corpus in the Macon County Superior Court on July 15, 2011, and his petition was later transferred to the Wilcox County Superior Court. The Wilcox County Superior Court denied Lanier's petition on December 10, 2012. (Doc. No. 9-3). Lanier filed an application for certificate of probable cause to appeal with the Georgia Supreme Court. Lanier's application was dismissed on September 9, 2013. (Doc. No. 9-5).

In this petition, which was executed on October 24, 2013, and filed on October 30, 2013, Lanier asserts that he received ineffective assistance of trial and appellate counsel. Lanier also asserts that the prosecutor improperly questioned a witness about Lanier's character. Lanier contends that the jury was charged improperly. Lanier alleges that the state was permitted to introduce improper evidence. Respondent alleges that Lanier's petition should be dismissed, as it is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Lanier's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Lanier was convicted in the Candler County Superior Court on February 6, 2008, and he filed a direct appeal. The Georgia Supreme Court affirmed Lanier's convictions and sentences on November 1, 2010. Lanier had a period of ninety (90) days to file a motion for reconsideration or a petition for writ of certiorari with the United States Supreme Court. Lanier filed neither of these pleadings. Thus, his conviction became final on or about January 30, 2011. SUPR. CT. R. 13.1 (a petition for writ of certiorari is timely filed when it is filed with the Clerk of Court within 90 days after the entry of judgment). Because Lanier's conviction became final on January 30, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e.,

until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Lanier's conviction became final on January 30, 2011, and he filed his state habeas corpus petition on July 15, 2011. By that time, 166 days of the statute of limitations period applicable to section 2254 petitions had elapsed. Lanier's state habeas petition was denied on December 10, 2012, and he had until January 9, 2013, to file properly a notice of appeal in the Wilcox County Superior Court and an application for certificate of probable cause to appeal with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court."). Lanier's application for certificate of probable cause to appeal was not accepted for filing in the Georgia Supreme Court until January 23, 2013, when Lanier also submitted an affidavit of indigency. (Doc. No. 9-5).

The Court notes that Lanier's certificate for probable cause to appeal and notice of appeal are dated January 7, 2013, which presumably is the date he placed these pleadings in the prison mail system for forwarding to the appropriate courts for filing. Lanier's certificate of probable cause to appeal would have been timely (and properly filed) pursuant to Georgia Supreme Court Rule 13. This Rule states that a document submitted by a pro se prisoner "shall be deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the Supreme Court Clerk." Ga. Supr. Ct. R. 13(3). However, the Georgia Supreme Court also requires that costs associated with filing a case with that court be paid at the time of the filing of the brief. "The Clerk is prohibited from receiving or filing an application . . . unless the costs have been paid or sufficient evidence of indigency . . . is filed or contained in the appellate record." Ga. Supr. Ct. R. 5, ¶ 2. It was on these bases that the Georgia Supreme Court did not accept for filing Lanier's certificate of probable cause to appeal the denial of his state habeas corpus petition until January 23, 2013. (Doc. No. 9-5). The Georgia Supreme Court has noted that "nothing in O.C.G.A. § 9-14-52 excuses compliance by a pro se petitioner with all of the requirements for invoking this Court's jurisdiction over an appeal from an adverse order[.]" Fullwood v. Sivley, 271 Ga. 248, 253, 517 S.E.2d 511, 516 (1999). The Georgia Supreme Court also determined that:

> the requirement that the unsuccessful petitioner timely apply for a certificate of probable cause is more than a procedural nicety related to securing appellate review of adverse judgments. Cases are not dismissed for failure to comply with procedural niceties, but only for failing to comply with jurisdictional prerequisites. Although an application for a certificate of probable cause was filed in this case, it was late. There is no legal distinction between the failure to file any application and the failure to file a timely application. In either event, there is a lack of compliance with the jurisdictional requirement of O.C.G.A. § 9-14-52(b). An appellant's strict adherence to statutorily mandated time limits has always been considered

AO 72A
(Rev. 8/82)

an absolute requirement to confer jurisdiction upon an appellate court. In habeas corpus cases, the General Assembly has determined that the unsuccessful petitioner must timely file both a notice of appeal and an application for a certificate of probable cause in order to invoke this Court's jurisdiction. This Court cannot denigrate the General Assembly's determination by considering either a timely notice of appeal or a timely application as a mere procedural nicety. By filing his notice of appeal timely, Fullwood may have substantially complied with one of the elements for obtaining appellate review, but he failed utterly to satisfy the equally mandatory requirement that he also file a timely application for a certificate of probable cause.

Id. at 251, 517 S.E.2d at 514 (internal citation omitted).

Because Lanier's certificate of probable cause to appeal was not "properly filed" on or before January 9, 2013, the statute of limitations period was not tolled while Lanier's certificate remained pending (until September 9, 2013). Williams v. Crist, 230 F. App'x 861, 865-66 (11th Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), for the proposition that state procedural rules govern whether a filing in the state court is properly filed). Because Lanier's appeal of the denial of his state habeas corpus petition was not properly filed on or before January 9, 2013, the applicable statute of limitations period began running once again. Lanier did not execute his § 2554 petition until October 24, 2013, which is deemed the date he filed his petition. From January 10, 2013, until October 24, 2013, 288 days elapsed. Adding these 288 days to the 166 days which already elapsed before Lanier filed his state habeas corpus petition renders Lanier's § 2254 petition, which was filed on October 24, 2013, untimely.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Lanier's petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was untimely filed.

**SO REPORTED** and **RECOMMENDED**, this ___3rd___ day of ~~January~~ February, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)